# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ATHENIAN VENTURE PARTNERS III,
L.P.,

        Plaintiff,                        Case No. 2:08-cv-821
                                                          JUDGE GREGORY L. FROST
     v.                                    Magistrate Judge Norah McCann King

INFRASTRUCTURE SOLUTIONS,
INC., et al.,

        Defendants.

## OPINION AND ORDER

In this diversity action, Plaintiff, Athenian Venture Partners III, L.P. ("AVP"), seeks damages from Defendant Karen Schunk for fraud and negligent misrepresentation and for providing the partnership with false and misleading financial information. This matter comes before the Court for consideration of Schunk's motion to dismiss (Doc. # 24), her memorandum in support (Doc. # 25), AVP's memorandum in opposition (Doc. # 28), and Schunk's reply. (Doc. # 30). For the reason that follows, the Court **DENIES** the motion to dismiss.

On August 27, 2008, AVP filed a Complaint against Infrastructure Solutions, Inc. ("ISI"), Eric Nystrom, Kim Nystrom, and Schunk, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1322.[1] Schunk filed her Answer on October 7, 2008, which raises fifteen affirmative

---

[1] AVP asserts that the amount in controversy exceeds $75,000 and that there is complete diversity. The Complaint states that AVP is a Delaware limited partnership based in Athens, Ohio. It also claims that ISI is a Nevada corporation headquartered in West Des Moines, Iowa. Finally, it alleges that Eric and Kim Nystrom are residents of Vista, California, and that Schunk resides in West Des Moines, Iowa.

1

defenses, including a lack of subject-matter jurisdiction and improper venue. None of the affirmative defenses, however, raised the issue of this Court's jurisdiction over her person. On December 29, 2008, nearly three months after filing her Answer, Schunk filed the pending motion which challenges this Court's personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

"A motion asserting any [12(b) defense] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Thus, when a defendant fails to challenge a court's personal jurisdiction in his or her first responsive pleading, the defendant waives the ability to challenge the issue. Fed. R. Civ. P. 12(h)(1); *see Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705 (1982) ("[T]he failure to enter a timely objection to personal jurisdiction constitutes, under Rule 12(h)(1), a waiver of the objection."). "Case law is unanimous in holding . . . that where a defendant files a pre-answer motion to dismiss or an answer, without raising the defense of a lack of in personam jurisdiction, he waives any objection to that defect." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978).

Although some courts have been willing to entertain untimely Rule 12(b)(2) motions, they have done so only when a defendant preserves the issue in his or her answer. *See*, *e.g.*, *Pope v. Elabo GmbH*, 588 F. Supp. 2d 1008, 1013 (D. Minn. 2008) (holding that Rule (h)(1) does not preclude a personal jurisdiction challenge when a defendant asserts issue in answer); *cf. Taubman Co. v. Webfeats*, 319 F.3d 770, 773 (6th Cir. 2003) (rejecting a *pro se* defendant's personal jurisdiction challenge because he failed to raise the issue in his original answer).

By not asserting the issue in her Answer, Schunk waived any objection to this Court's personal jurisdiction over her. Accordingly, the Court **DENIES** her motion.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE