# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ATHENIAN VENTURE
PARTNERS III, L.P.,
       Plaintiff,

v.

INFRASTRUCTURE
SOLUTIONS INC., et al.,
       Defendants.

Case No. 2:08-cv-821
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion of Defendant Kim Nystrom ("Defendant Nystrom") to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 9(b) ("Motion to Dismiss") (Doc. # 37), Plaintiff Athenian Venture Partners III, L.P.'s ("Plaintiff") Memorandum in Opposition to Motion to Dismiss ("Memorandum in Opposition") (Doc. # 39), and Reply Memorandum of Law in Support of Motion to Dismiss ("Reply Memorandum") (Doc. # 40). For the reasons that follow, the Court **DENIES** the Motion to Dismiss.

## I. Background

Plaintiff is a Delaware limited partnership with its principal place of business located at 20 East Circle Drive # 37146, Athens, Ohio 45701. (Declaration of Francois Helou at ¶ 2 attached to Plaintiff's Memorandum in Opposition as Exhibit A). Plaintiff is a venture capital company that invests primarily in technology-related companies. *Id.*

In late 2007, a broker acting on behalf of Defendant Infrastructure Solutions, Inc. ("Defendant ISI") contacted Plaintiff regarding a potential private placement of preferred equity securities of Defendant ISI with Plaintiff ("the Transaction"). *Id.* at ¶ 3. That is, Defendant ISI's intended goal was to sell an equity interest in itself to Plaintiff, with Plaintiff becoming a Defendant ISI shareholder. *Id.* Shortly thereafter, Plaintiff began communicating directly with

Defendant ISI to obtain information regarding Defendant ISI's financial condition so that Plaintiff could perform the due diligence necessary to ascribe a value to Defendant ISI and to generally evaluate the merits of the Transaction. *Id.* at ¶ 4.

Plaintiff believed that Defendant Nystrom was the majority owner, chief executive officer and director of Defendant ISI. *Id.* at ¶ 6 and Exhibit 9 thereto. Plaintiff avers that Defendant Nystrom is of Vietnamese decent and is believed to be the only individual with minority status who holds an ownership interest in Defendant ISI. *Id.* The State of Iowa has officially recognized Defendant ISI as a "minority owned, operated, and controlled company." *Id.*

In connection with the Transaction and while operating under Defendant Nystrom's ownership and control, Defendant ISI sent various financial statements and reports to Plaintiff upon which Plaintiff relied in evaluating Defendant ISI. *Id.* at ¶ 5 and Exhibits 1 through 8 attached thereto. Those financial statements were reviewed and relied upon by Plaintiff's personnel in Ohio. *Id.* at ¶ 5. Plaintiff alleges that the various financial statements and other information contained serious misstatements regarding the financial condition of Defendant ISI upon which Plaintiff relied to its significant harm. *Id.* at ¶ 7. Specifically, Plaintiff avers that Defendant ISI's revenues and accounts receivable were substantially overstated. *Id.*

Plaintiff brought this action based upon diversity jurisdiction, alleging causes of action for fraud and negligent misrepresentation against Defendant ISI, Defendant Nystrom, Eric

Nystrom,[1] and Karen Schunk.[2] Plaintiff also brought causes of action for the breach of the duty of good faith and fair dealing and for promissory estoppel against Defendant ISI.

In Defendant Nystrom's affidavit, she avers that she was born in Vietnam and currently resides in California. (Declaration of Kim Nystrom at ¶ 1 attached to Motion to Dismiss.) Nystrom further avers that she had "little or no role in the company" during the time period related to the Transaction and that she "never . . . reviewed any document related to the [T]ransaction." *Id.* ¶¶ 3, 4.

## II. Discussion

Defendant Nystrom moves for dismissal of the claims against her for lack of in personam jurisdiction and for failure to sufficiently plead the claims against her.

### B. Personal Jurisdiction

#### 1. Standard Applicable to Personal Jurisdiction

Defendant Nystrom has filed her motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over her. In considering a properly supported motion to dismiss for lack of personal jurisdiction, a district court has discretion to either decide the motion upon the affidavits alone, permit discovery in aid of deciding the motion, or conduct an evidentiary hearing to resolve any apparent factual questions. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Serras v. First Tennessee Bank Nat. Ass'n.*, 875 F.2d 1212, 1214 (6th Cir. 1989)). Here, no party has requested further discovery nor an evidentiary hearing and this Court

---

[1] Eric Nystrom is the president and an executive officer of Defendant ISI. (Complaint ¶ 4.) Plaintiff voluntarily dismissed Mr. Nystrom from this action on March 2, 2009. (Docs. # 35, 36.)

[2] Karen Schunk is the chief financial officer of Defendant ISI. (Complaint ¶ 6.) This Court denied Ms. Schunk's motion to dismiss on March 2, 2009 (Doc. # 34.)

finds that an evidentiary hearing is not necessary. Instead, both Plaintiff and Defendant Nystom have submitted affidavits in support of their positions.

A plaintiff bears the burden of establishing the existence of personal jurisdiction. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008) (citing *Brunner v. Hampson*, 441 F.3d 457, 462 (6th Cir. 2006)). However, where a Rule 12(b)(2) motion is decided solely on written submissions and affidavits, as here, "the plaintiff's burden is 'relatively slight,' *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988) (internal quotation marks omitted) and 'the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal,' *Theunissen*, 935 F.2d [at 1458]." *Id.* Indeed, "[t]he pleadings and affidavits submitted must be viewed in a light most favorable to" the plaintiff, and the court "should not weigh 'the controverting assertions of the party seeking dismissal.' " *Id.* (citing *Theunissen*, 935 F.2d at 1459). This rule is in place because the United States Court of Appeals for the Sixth Circuit has stated that it wants "to prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts[.]" *Theunissen*, 935 F.2d at 1459.

**2. Analysis of Personal Jurisdiction**

Personal jurisdiction may be found to exist either generally, in cases in which a defendant's "continuous and systematic" conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state, or specifically, in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum. *Estate of Thomson*, 545 F.3d at 361 (citing *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996)). Here, Plaintiff contends that Defendant Nystrom is subject to specific jurisdiction.

4

"A federal district court sitting in diversity must apply the law of the forum state to determine whether it may exercise jurisdiction over the person of a non-resident defendant." *Theunissen*, 935 F.2d at 1459 (citing *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980) *and In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 224 (6th Cir. 1972)). However, constitutional concerns of due process limit the application of this state law. *Id.* (citing *Welsh*, 631 F.2d at 439). The Sixth Circuit has "recognized that Ohio's long-arm statute is not coterminous with federal constitutional limits." *Calphalon Corp.*, 228 F.3d at 721 (noting that "the Ohio Supreme Court has ruled that the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause") (citing *Goldstein v. Christiansen*, 70 Ohio St. 3d 232 (Ohio 1994) (per curiam)). "Accordingly, 'when Ohio's long-arm statute is the basis for personal jurisdiction, the personal jurisdiction analysis requires separate discussions of whether the defendant is amenable to suit under Ohio's long-arm statute and whether due process requirements of the Constitution are met.' " *Estate of Thomson*, 545 F.3d at 361 (citing *Walker v. Concoby*, 79 F. Supp. 2d 827, 831 (N.D. Ohio 1999)).

### a. Ohio's long-arm statute

The pertinent Ohio long-arm statute is set forth in Ohio Rev. Code § 2307.382. Plaintiff argues that Defendant Nystrom's conduct satisfies Section (A)(1), "transacting any business in the state" and Section (A)(6), "causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state."

#### i. Transacting any business in Ohio

Ohio Rev. Code § 2307.382(A)(1) provides for personal jurisdiction over a person who transacts any business in Ohio. According to the Ohio Supreme Court, the "transacting any

5

business" basis for extending jurisdiction set forth in Ohio Rev. Code § 2307.382(A)(1), "is very broadly worded and permit[s] jurisdiction over nonresident defendants who are transacting any business in Ohio." *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St. 3d 73, 75 (1990). Quoting Black's Law Dictionary, the *Kentucky Oaks Mall* court stated that "transact" means "to prosecute negotiations; to carry on business; to have dealings . . . . The word embraces in its meaning the carrying on or prosecution of business negotiations, but it is broader than the word 'contract' and may involve business negotiations which have either been wholly or partly brought to a conclusion . . . ." *Id.*

The instant action derives from Defendants' alleged creation and dissemination of numerous fraudulent financial statements for the purpose of inducing a multi-million dollar equity investment in Defendant ISI. Pursuant to the affidavit and exhibits submitted by Plaintiff, Defendant ISI was under Defendant Nystrom's ownership, oversight, and control when these alleged false and fraudulent financial statements and reports were sent to Plaintiff. Defendant Nystrom argues that these allegations are "contrary to" her affidavit submitted in support of the Motion to Dismiss.

However, at this juncture, the Court cannot consider Defendant Nystrom's countervailing assertions made in her affidavit. Thus, Plaintiff has easily satisfied its burden to make a *prima facie* showing offacts that demonstrate that she transacted "any business" in Ohio.

### ii. Tortious injury in Ohio

Plaintiff argues that Defendant Nystrom is also subject to personal jurisdiction under Ohio Rev. Code § 2307.382(6), which provides for jurisdiction over persons "causing tortious

injury in this state to any person by an act out this state with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state." As stated directly above, the affidavit and exhibits submitted by Plaintiff indicate that Defendant ISI was under Defendant Nystrom's ownership, oversight, and control when the Transaction took place. Plaintiff contends that there are circumstances under Ohio law where "[a] corporate officer and director can be found personally liable for a tort committed by the corporation under his control, or with his participation or cooperation." (Doc. # 39 at 8 citing *Central Benefits Mut. Ins. Co. v. RIS Admin. Agency, Inc.*, 93 Ohio App.3d 397 (Franklin Cty. 1994) and *Young v. Featherstone Motors, Inc.*, 97 Ohio App.158 (Franklin Cty. 1954)).

In response, Defendant Nystrom again argues that the testimony and evidence supplied by Plaintiff are contradicted by Defendant Nystrom's affidavit. This Court, however, is not at liberty to consider Defendant Nystrom's countervailing assertions as set forth in her affidavit. Accordingly, Plaintiff has satisfied its burden to make a *prima facie* showing of facts that demonstrate that she allegedly causes tortious injury to Plaintiff in Ohio.

      **b. Constitutional due process**

As to the due process inquiry for specific jurisdiction, the Sixth Circuit has established a three part test for determining whether such jurisdiction may be exercised:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Calphalon Corp.*, 228 F.3d at 721 (citing *Southern Machine Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir. 1968)).

The purposeful availment prong of the *Southern Machine* test is essential to a finding of personal jurisdiction:

> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts. There is a difference between what *World-Wide Volkswagen* [*v. Woodson*, 444 U.S. 286 (1980)] calls a mere "collateral relation to the forum State," and the kind of substantial relationship with the forum state that invokes, by design, "the benefits and protections of its laws." An understanding of this difference is important to the proper application of the "purposeful availment" test.
>
> The Supreme Court has emphasized, with respect to interstate contractual obligations, that "parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequence of their activities."

*Id.* at 721–22 (quoting *LAK, Inc. v. Deer Creek Enter.*, 885 F.2d 1293, 1300 (6th Cir. 1989) which cited *Burger King v. Rudzewicz*, 471 U.S. 462, 473–75 (1985), *Keeton v. Hustler Magazine*, 465 U.S. 770, 774 (1984), *World-Wide Volkswagen*, 444 U.S. at 299, and *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

> Under the second *Southern Machine* factor, the cause of action must arise out of Defendants' activities in the forum. *Southern Mach.*, 401 F.2d at 381. A cause of action can be of whatever type, as long as it has "a substantial connection with the defendant's in-state activities." *Id.* at 384 n.27. "Only when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that contract." *Id.* at 384 n.29 (citations omitted). We have also stated that a "lenient standard . . . applies when evaluating the 'arising from' criterion." *Bird* [*v. Parsons*], 289 F.3d [289,] 875 [6th Cir. 2002].

*Scotts Co. v. Aventis S.A.*, 145 Fed. Appx. 109, 115 (6th Cir. 2005) (internal citations omitted).

In the case *sub judice*, there is no dispute that Defendant ISI purposely availed itself to the privilege of conducting business in Ohio. Nor is it disputed that Plaintiff's claims arise directly from Defendant ISI's alleged fraudulent financial statements used in the Transaction.

8

Viewing that testimony in a light most favorable to Plaintiff, the Court concludes that Defendant ISI's conduct can be attributed to Defendant Nystrom, causing the first two constitutional due process factors to be met.

With regard to the third factor of the due process test, the Sixth Circuit has instructed that "when the first two factors are met, a presumption arises that the exercise of jurisdiction would be 'reasonable' under the third factor." *Scotts Co.*, 145 Fed. Appx. at 115. "Further, it cannot be disputed that Ohio has an interest in resolving a suit brought by one of its residents against Defendants that purposefully availed themselves of acting in and causing consequences in Ohio." *Id.* Defendant Nystrom fails to attempt to rebut this presumption in the Reply Memorandum. Thus, the Court finds that its exercise of personal jurisdiction over Defendant Nystom is reasonable.

Based on the foregoing, Plaintiff has met its "relatively slight" burden, making a *prima facie* showing that the exercise of jurisdiction over Defendant Nystrom comports with constitutional due process. *See Theunissen*, 935 F.2d [at 1458]. Accordingly, "it is presumptively not unreasonable to require her to submit to the burdens of litigation" in this forum. *Burger King*, 471 U.S. at 475–76.

## B. Pleading Sufficiency

Since the Court has concluded that Plaintiff has set forth a *prima facie* case of personal jurisdiction over Defendant Nystrom, the Court must decide whether she is entitled to dismissal for Plaintiff's alleged failure to sufficiently plead the fraud and negligent misrepresentation[3]

---

[3]Defendant Nystrom claims that the courts "in the Sixth Circuit apply Rule 9(b) to negligent misrepresentation claims when the particular misrepresentation claim was "grounded in fraud." (Doc. # 37 at 4.) Consequently, she moves for dismissal of both claims against her for

9

claims against her.

Fed. R. Civ. P. 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This rule creates a special exception to the liberal notice pleading requirements of Fed. R. Civ. P. 8. When deciding whether to dismiss under Rule 9(b) for failure to plead fraud with particularity, a court must also consider the policy favoring simplicity in pleading, codified in the "short and plain statement of the claim" requirement of Fed. R. Civ. P. 8. *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006). "Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony." *Id.* (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988)). The Sixth Circuit has "further interpreted Rule 9(b) to require that a plaintiff 'allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.' " *Id.* at 877 (citing *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) which quoted *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)). Therefore, at "a minimum, Rule 9(b) requires that the plaintiff specify the 'who, what, when, where, and how' of the alleged fraud." *Id.* (citing *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). However, "a district court need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions." *Id.* (citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)).

Here, the Court concludes that Plaintiff has met Rule 9(b)'s requirement that it specify

---

failure to plead with particularity.

the who, what, when, where, and how of the alleged fraud. That is, Plaintiff alleges: (who) that the individually named Defendants committed the fraud; (what) which consisted of providing fraudulent financial statements, false accounts receivable, false balance sheets and other inaccurate and misleading financial information; (when) beginning in late 2007 and ending in June 2008; (where) on the financial documents provided to Plaintiff in connection with the Transaction; (how) by providing false and misleading representations on the financial documents regarding Defendant ISI's 2006 and 2007 revenues. (Complaint ¶¶ 10, 17, 18, 20–28.) Further, Plaintiff has alleged that Defendants together made the false and misleading statements and provided false and fraudulent documents so as to defraud Plaintiff (fraudulent scheme); that Defendants intended for Plaintiff to rely on the false documentation (fraudulent intent); and that Defendants actions resulted in significant monetary damages to Plaintiff (injury). *Id.* ¶¶ 22-26.

Accordingly, the Court concludes that Plaintiff has sufficiently plead fraud against Defendant Nystrom.

### IV. Conclusion

For the reasons set forth above, the Court **DENIES** the Motion of Defendant Kim Nystrom to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 9(b). (Doc. # 37.)

**IT IS SO ORDERED**.

                                        **/s/ Gregory L. Frost**
                                        **GREGORY L. FROST**
                                        **UNITED STATES DISTRICT JUDGE**